UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANIELLE LEWIS                          CIVIL ACTION

VERSUS                                  NO: 11-2137

JANET NAPOLITANO, SECRETARY,            SECTION: R(1)
DEPARTMENT OF HOMELAND
SECURITY

## ORDER AND REASONS

Before the Court is defendant Janet Napolitano's motion to dismiss.[1]  Because the Court lacks jurisdiction over plaintiff's claims, defendant's motion is GRANTED.

## I.   BACKGROUND

Plaintiff Danielle Lewis worked as a Transportation Security Officer for the Transportation Security Administration ("TSA") at the New Orleans airport between November 2008 and May 2009. Plaintiff alleges that Rufus Davison, the Assistant Federal Security Director, sexually harassed her in her workplace during the period of her employment.  According to Lewis, Davison physically groped her and made offensive sexual remarks directed toward her.  Plaintiff contends that she did not report the conduct immediately because Davison threatened her with termination.  After learning that other female employees had

_____

[1]    R. Doc. 13.

filed complaints reporting similar behavior, Lewis filed a
complaint with the Federal Security Director about Davis's
harassment on July 1, 2010.

On August 29, 2011, Lewis filed a complaint in federal
court.[2]  She alleges that Davison committed sexual battery,
battery, and threatened to terminate her employment.  Plaintiff
argues that the defendant, Napolitano, is liable under the
Federal Tort Claims Act ("FTCA") for Davison's conduct, and for
the infliction of emotional distress caused by Davison's conduct,
because it failed to prevent or stop Davison's conduct.
Plaintiff also contends that the defendant is liable for failing
to follow the Department of Homeland Security's sexual harassment
policy, for creating a hostile work environment, and for failing
to appropriately address Lewis's complaint.

The defendant filed a motion to dismiss plaintiff's
complaint.[3]  First, defendant argues that this Court does not
have jurisdiction over the case because the Department of
Homeland Security is not the proper defendant under the FTCA.
Further, the defendant asserts that even if the plaintiff amended
the complaint to name the United States as the sole defendant,
the Court would still lack jurisdiction over plaintiff's
intentional tort claims because they are not covered by the FTCA.

---

[2]     R. Doc. 1.

[3]     R. Doc. 13.

2

Finally, the defendant argues that plaintiff's exclusive remedy
for her alleged injuries is the Federal Employees' Compensation
Act ("FECA").

## II.  STANDARD

Federal courts are courts of limited jurisdiction and
possess power over only those cases authorized by the United
States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d
244, 248 (5th Cir. 1996). If a district court lacks jurisdiction
over the subject matter of a plaintiff's claims, dismissal is
required. *See* FED. R. CIV. P. 12(b)(1). The lack of subject
matter jurisdiction may be raised at any time during the pendency
of the case by any party or by the court. *See Kontrick v. Ryan*,
540 U.S. 443, 456 (2004)("A litigant generally may raise a
court's lack of subject-matter jurisdiction at any time in the
same civil action, even initially at the highest appellate
instance."); *McDonal v. Abbott Labs*, 408 F.3d 177, 182 n.5 (5th
Cir. 2005)("[A]ny federal court may raise subject matter
jurisdiction *sua sponte*.").

In ruling on a Rule 12(b)(1) motion to dismiss, the court
may rely on (1) the complaint alone, presuming the allegations to
be true, (2) the complaint supplemented by undisputed facts, or
(3) the complaint supplemented by undisputed facts and by the
court's resolution of disputed facts. *Den Norske Stats*

*Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

**III. DISCUSSION**

*A. United States as Sole Defendant*

The Federal Tort Claims Act is a limited waiver of the immunity of the United States as a sovereign. 28 U.S.C. §§ 1346, 2671-80. FTCA claims may be brought against only the United States "and not the responsible agency or employee." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988); 28 U.S.C. §§ 2679(a), (b)(1) (providing that the FTCA does not authorize suits against federal agencies or federal employees acting within the scope of their employment). When a plaintiff files an FTCA claim against a federal agency or employee, that claim must be dismissed for lack of jurisdiction. *See Galvin*, 860 F.2d at 183 ("Thus, an FTCA claim against a federal agency or

employee as opposed to the United States itself must be dismissed for want of jurisdiction."). Here, plaintiff asserted her FTCA claims against Janet Napolitano, the Secretary of the Department of Homeland Security. Accordingly, the Court does not have jurisdiction over plaintiff's suit.

*B. Intentional Tort Exceptions to the FTCA*

Even if the plaintiff amended her complaint to name the United States as the sole defendant, the Court still would not have jurisdiction over her claims because the conduct underlying plaintiff's claims falls within the intentional tort exception to the FTCA.

The FTCA vests district courts with exclusive jurisdiction over "civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment". 28 U.S.C. § 1346(b)(1). The FTCA "is a limited waiver of sovereign immunity that subjects the United States to liability to the same extent as a private party". *Tindall by Tindall v. United States*, 901 F.2d 53, 55 (5th Cir. 1990). The plaintiff bears the burden of showing "Congress's unequivocal waiver of sovereign immunity." *Spotts v. United States*, 613 F.3d 559, 568 (5th Cir. 2010)(citing *Kokkonen v. Guardian of Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Several exceptions limit the waiver of sovereign immunity under the FTCA. One such exception is the intentional tort exception, which bars suits brought against the United States for claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2860(h). Exceptions to the FTCA are to be strictly construed in favor of the Government. *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993).

In determining whether the plaintiff's claims arise out of the enumerated exceptions, the Court examines "the conduct upon which the plaintiff's claim is based." *Truman v. United States*, 26 F.3d 591, 594 (5th Cir. 1994). A plaintiff's claim, even if styled so that it is not listed in Section 2680(h), "is still barred when the underlying governmental conduct essential to the plaintiff's claim can fairly be read to arise out of conduct that would establish an excepted cause of action." *Id.* (citing *McNeily*, 6 F.3d at 347)(internal quotations omitted). In other words, if the conduct alleged by Lewis "arises out of" the assault or battery of a government employee, the federal courts have no jurisdiction to hear her claims. *Id.* Plaintiff asserts claims for battery, sexual battery, sexual harassment, negligence, negligent hiring, negligent supervision, and intentional infliction of emotional distress.

Plaintiff's claim of battery is explicitly excepted from FTCA coverage by the language of Section 2680(h). *See* 28 U.S.C. § 2680(h) (suits brought against the United States for claims "arising out of... battery" are exceptions to FTCA coverage). Plaintiff's claim of sexual battery similarly falls outside the reach of the FTCA. *See Garcia v. United States*, 776 F.2d 116, 116-17 (5th Cir. 1985) (holding that allegations of sexual misconduct or assault fall within the enumerated exclusions of Section 2680(h) because they amount to "assault" or "battery"). The Court also lacks jurisdiction over plaintiff's claims of negligence, negligent hiring, and negligent supervision. "[F]raming [a] complaint in terms of [the government's] negligent failure to prevent the excepted harm" does not allow a plaintiff to circumvent the enumerated exceptions to the FTCA. *Id.* at 594-95 (quoting *McNeily*, 6 F.3d at 347). Plaintiff's claims of negligence are predicated upon conduct that constitutes battery, a tort enumerated in § 2680(h). *See Id.* (holding that the federal courts have no jurisdiction to hear a claim for negligent supervision of a government employee who committed sexual assault). Accordingly, these claims do not escape the reach of Section 2680(h).

Finally, plaintiff's claim of intentional infliction of emotional is excludable under Section 2680(h). In *Truman*, the Fifth Circuit considered an Air Force Base employee's claim of

7

intentional infliction of emotional distress stemming from sexual harassment. The plaintiff in that case alleged that the defendant made numerous sexual insults, comments and innuendos that damaged her and caused her to suffer mental anguish and anxiety. The Fifth Circuit concluded that the alleged sexual harassment did not constitute assault or battery because there was never an "offensive contact" or "imminent apprehension of harmful or offensive contact. *Truman*, 26 F.3d a 596. As a result, the Court found that plaintiff's claim of intentional infliction of emotional distress could not be characterized as "arising out of" conduct that constituted assault or battery. Here, by contrast, the underlying conduct did involve offensive contact. Lewis alleges that Davison "physically groped...her buttocks....while [he] was making offensive sexual remarks to her".[4] Further, she predicates liability for her intentional infliction of emotional distress claim on Davison's offensive touching and remarks. Accordingly, the conduct underlying plaintiff's claim of intentional infliction of emotional distress arises out of conduct that constitutes a tort enumerated in Section 2680(h). *See Stidham v. United States*, 252 F.3d 434, 2001 WL 360682, at *1 (5th Cir. Mar 13, 2001) (distinguishing *Truman* and holding that the exceptions in Section 2680(h) barred plaintiff's claim for intentional infliction of emotional

---

[4]    R. Doc. 1 at 2.

8

distress because the alleged underlying conduct involved sexual contact); *Dardar v. Potter*, 2004 WL 422008 (E.D. La. Mar. 4, 2004) (finding that because, unlike in *Truman*, the underlying conduct included "words accompanied by threatened *and actual* offensive contact", the United States could not be liable for intentional infliction of emotional distress). Because the intentional tort exception to the FTCA applies, the Court does not have jurisdiction over plaintiff's claims.

*C. Law Enforcement Proviso*

Section 2680(h) contains a law enforcement proviso which provides that sovereign immunity is waived for "acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). The FTCA defines an "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*. In order to be considered a law enforcement officer for purposes of the FTCA, the government employee must be "engaged in investigative or law enforcement activities." *Cross v. United States*, 159 Fed. Appx. 572, 576 (holding that soldiers were acting in a security capacity and not a law enforcement capacity for FTCA purposes when they stopped plaintiff) (quoting *Employers Ins. of Wausa v. United States*, 815 F.Supp. 255, 259 (N.D. Ill. 1993)). This construction "avoids converting the

statutory proviso into one that is triggered by mere status rather than by actual conduct." *Employers Ins.*, 815 F.Supp. at 259.

Lewis argues that the exceptions of Section 2680(h) do not apply to her claims because the offending government employees are law enforcement officers. Lewis, however, does not allege that Davison, or any other TSA employee, was investigating or otherwise engaged in law enforcement activities when the alleged conduct occurred.[5] *See Devillier v. United States*, 2010 WL 476722, at *5 (W.D. La. Feb. 10, 2010) (finding that correctional officer, in attempting to stop an assault on an inmate, was not acting as a law enforcement officer when plaintiff did not allege that the officer "was arresting him or investigating anything"). Accordingly, the conduct does not fall within the law enforcement proviso, and the intentional tort exception to the FTCA applies to this suit.

---

[5] In any event, the Government indicates that Davison did not have the power to execute searches, to seize evidence, or to make arrests for violations of federal law. *See* R. Doc. 25 at 2.

## IV. CONCLUSION

Because the Court does not have jurisdiction over plaintiff's lawsuit, the Court GRANTS defendant's motion and DISMISSES plaintiff's claims without prejudice.

New Orleans, Louisiana, this 31st day of January, 2012.

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE